1   KAREN P. HEWITT
    United States Attorney
2   STEWART M. YOUNG
    Assistant U.S. Attorney
3   California State Bar No. 234889
    United States Attorney's Office
4   Federal Office Building
    880 Front Street, Room 6293
5   San Diego, California  92101-8893
    Telephone: (619) 557-6228
6
    Attorneys for Plaintiff
7   UNITED STATES OF AMERICA

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   CRIMINAL CASE NO. 3:08-CR-1186 BEN
                                     )
12                                   )   DATE:       June 16, 2008
            Plaintiff,               )   TIME:       2:00 P.M.
13                                   )
                                     )   GOVERNMENT'S RESPONSE AND
14          v.                       )   OPPOSITION TO DEFENDANTS' MOTIONS
                                     )
15                                   )   [4-1] TO COMPEL DISCOVERY;
    JAIME LIZARRAGA-LOPEZ,           )   [4-2] TO SUPPRESS STATEMENTS; AND
16                                   )   [4-3] FOR LEAVE TO FILE FURTHER
            Defendant.               )   MOTIONS;
17                                   )
                                     )   TOGETHER WITH A STATEMENT OF THE
18                                   )   FACTS AND THE MEMORANDUM OF
                                     )   POINTS AND AUTHORITIES, AND
19                                   )   GOVERNMENT'S MOTIONS FOR:
                                     )
20  _____)   (1) RECIPROCAL DISCOVERY

21           COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

22  KAREN P. HEWITT, United States Attorney, and Stewart M. Young, Assistant United States Attorney,

23  hereby files its Response and Opposition to Defendant's Motion for Discovery and to Suppress

24  Statements and its Motion for Reciprocal Discovery.  This response and motion is based upon the files

25  and records of the case together with the attached statement of facts and memorandum of points and

26  authorities.

27

28

I

## STATEMENT OF THE CASE

On April 16, 2008, the Government filed a one-count indictment charging Jaime Lizarraga-Lopez ("Defendant") with violating 8 U.S.C. § 1326(a) and (b), deported alien found in the United States.  On April 29, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

On January 15, 2008, Border Patrol Agents Kaiser and Wenzel were on duty in the Imperial Beach area and responded to a report of seven people walking north from the United States/Mexico border fence.  This area is five miles west of the San Ysidro Port of Entry and 100 yards north of the United States/Mexico International Boundary.  Border Patrol air support also reported observing seven people hiding in the brush and informed Agents Kaiser and Wenzel.  Both agents approached the area and discovered people hiding in the brush.  Both agents identified themselves as Border Patrol agents and conducted filed interviews of each person.  Each person, including the defendant, admitted to being a Mexican citizen without documents to be legally present in the United States.  Defendant was arrested and taken to the Imperial Beach Border Patrol Station for fingerprinting and processing.

During routine processing and records checks, it was determined that Defendant had been previously deported from the United States on at least one occasion, including June 11, 1996.

III

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY

The United States intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of Criminal Procedure.  Thus far, the United States has produced over seventy pages of discovery as well as tapes of the Defendant at Border Patrol processing.  Defendant's specific requests are addressed below.

### (1) The Defendant's Statements

The United States recognizes its obligation under Rule 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  The

United States has produced all of Defendant's oral and written statements that are known to the undersigned Assistant U.S. Attorney at this date. If the United States discovers additional written or oral statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The United States has no objection to the preservation of the handwritten notes taken by any of the United States' agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the United States objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The United States is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined under 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendants that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to the Defendants.

**(2) Arrest Reports, Notes and Dispatch Tapes**

The United States has provided the Defendant with arrest reports. As noted previously, agent

rough notes, if any exist, will be preserved, but they will not be provided as part of Rule 16 discovery. The United States is unaware of any dispatch tapes regarding Defendant's apprehension, but has requested the Border Patrol to preserve these if they do exist. If the United States becomes aware of such dispatch tapes, and those tapes fall under Rule 16 discovery obligations, the United States will provide those tapes.

### **(3) Brady Material**

The United States is well aware of, and will continue to perform, its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

### **(4) Sentencing Information**

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland, 373 U.S. 83

(1963). The United States respectfully contends that it has no such disclosure obligation under Brady.

The United States is not obligated under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect their guideline ranges, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Additionally, the United States is unaware of any cooperation, or even attempted cooperation, provided by Defendant. Accordingly, Defendant's demand for this information is premature.

### (5) Defendant's Prior Record

The United States will provide the Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

### (6) Proposed 404(b) and 609 Evidence

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b) or 609, the United States will provide Defendant with official notice of its proposed use of such evidence and information about such bad acts at the time the United States' trial memorandum is filed.

Defendant should be on notice at this time that the United States intends to introduce evidence of Defendant's prior 8 U.S.C. § 1326 conviction in 1996. Documents regarding that conviction will be forwarded to defendant in due course, if they have not already been provided.

### (7) Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which

is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or intended for use by the United States as evidence in chief at trial, or obtained from or belongs to Defendant, including photographs.

The United States, however, need not produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984), <u>cert. denied</u>, 474 U.S. 953 (1985).

### (8) Preservation of Evidence

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules. However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or intended for use by the United States as evidence in chief at trial, or obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and his investigators and will comply with any request for inspection.

### (9) Henthorn Evidence

The United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). To comply, the United States will request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in camera</u> inspection and review.

### (10) Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects

seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or intended for use by the United States as evidence during its case-in-chief at trial, or obtained from or belongs to Defendant.  The United States need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### (11) Expert Witnesses

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

### (12) Evidence of Bias or Motive to Lie

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant.  The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

### (13) Impeachment Evidence

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

### (14) Criminal Investigation of Government Witness

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The United States will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief.  When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief.  United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d

1305, 1309 (9th Cir. 1979).

**(15) Evidence Affecting Perception, Recollection, Communication or Truth-Telling**

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

**(16) Witness Addresses**

The United States has provided Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the United States will provide Defendants with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

The United States objects to any request that it provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)). The United States is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendants. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(17) Witnesses Favorable to the Defendant**

As stated earlier, the United States will continue to comply with its obligations under Brady and its progeny. At the present time, the United States is not aware of any witnesses who have made an arguably favorable statements concerning Defendant or who could not identify him or who were unsure of his identity or participation in the crime charged.

1

### (18) Statements Relevant to the Defense

2

To reiterate, the United States will comply with all of its discovery obligations. However, "the

3

prosecution does not have a constitutional duty to disclose every bit of information that might affect the

4

jury's decision; it need only disclose information favorable to the defense that meets the appropriate

5

standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

6

### (19) Jencks Act Material

7

The Jencks Act, 18 U.S.C. § 3500, requires that, after a United States witness has testified on

8

direct examination, the United States must give the Defendant any "statement" (as defined by the Jencks

9

Act) in its possession that was made by the witness relating to the subject matter to which the witness

10

testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by

11

the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim,

12

contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the

13

witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or

14

not the government agent correctly understood what the witness was saying, that act constitutes

15

"adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105

16

(9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the United States is

17

only required to produce all Jencks Act material after the witness testifies, the United States plans to

18

provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

19

Additionally, no witness who testified before the grand jury will testify at trial, so the United

20

States does not anticipate that it will have to provide any of the Grand Jury transcripts to Defendant.

21

### (20) Giglio Information

22

As stated previously, the United States will comply with its obligations pursuant to Brady v.

23

Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991),

24

and Giglio v. United States, 405 U.S. 150 (1972).

25

### (21) Agreements Between the Government and Witnesses

26

The United States is unaware of any agreement between it and any cooperating witnesses, who

27

have committed crimes, but were not charged, so that they may testify for the Government in this case.

28

The United States will comply with all of its obligations under Brady, Giglio, Jencks Act, and Rule 16,

1    regarding any potential cooperating witness, including any of the material witnesses.  Again, at this time,

2    the United States is unaware of any agreement between any of these potential witnesses, but will provide

3    any relevant and pertinent information if such an agreement arises**.**

4    **(22) Informants and Cooperating Witnesses**

5    If the Government determines that there is a confidential informant whose identity is "relevant

6    and helpful to the defense of an accused, or is essential to a fair determination of a cause," it will disclose

7    that person's identity to the Court for in-chambers inspection.  See Roviaro v. United States, 353 U.S.

8    53, 60-61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).        The

9    United States has already stated it will comply with its Brady, Giglio, Jencks Act, and further Rule 16

10   discovery obligations.  The United States will comply with the structure of Roviaro if it determines that

11   any confidential informant information is "relevant and helpful to the defense of [the] accused, or is

12   essential to the fair determination of a cause."  Roviaro, 353 U.S. at 60.

13   As the Court is aware, the Supreme Court has declined to adopt an absolute rule requiring

14   disclosure of an informant's identity whenever it is relevant or helpful to a defendant's case.  See

15   Roviaro v. United States, 353 U.S. at 62.  Indeed, as the D.C. Circuit stated in United States v. Skeens,

16   449 F.2d 1066, 1071 (D.C. Cir.1971), a "heavy burden ... rests on an accused to establish that the identity

17   of an informant is necessary to his defense."  Id. at 1070.  "Mere speculation" that an informant's

18   testimony may assist the defendant is not sufficient to meet this burden.  United States v. Mangum, 100

19   F.3d 164, 172 (D.C. Cir.1996).  In determining whether the Defendant has met this burden, the Court

20   must balance "the public interest in protecting the flow of information against the individual's right to

21   prepare his defense," all the while "taking into consideration the crime charged, the possible defenses,

22   the possible significance of the informer's testimony, and other relevant factors."  Roviaro, 353 U.S. at

23   62.  The United States will comply with its Rovario obligations, but it also requests that any information

24   provided to the Defendants be subject to in camera review by the Court.

25   **(23) Bias by Informants or Cooperating Witnesses**

26   As stated in Section III(12), the United States is unaware of any evidence indicating that any

27   prospective witness, whether Government agent, Informant, or Cooperating Witness, is biased or

28   prejudiced against Defendant.  The United States is also unaware of any evidence that prospective

witnesses, whether Government agent, Informant, or Cooperating Witness, have a motive to falsify or distort testimony.  It will comply with its <u>Giglio</u> obligations if it becomes aware of any indication of bias on behalf of any of these witnesses.

**(24) Reports of Scientific Tests or Examination**

The United States will provide the results of any reports of scientific tests or examinations, should any be conducted.  At this time, the United States is aware of no tests or examinations which are material to the preparation of the defense or are intended for use by the United States at trial.

**(25) Residual Request**

The United States has already complied with Defendant's request for prompt compliance with its discovery obligations prior to Indictment.  The United States will continue to comply with all of its discovery obligations, but objects to the broad nature of Defendant's further discovery requests.

**IV**

**DENY ANY MOTION TO SUPPRESS DEFENDANT'S STATEMENTS**

Defendant moves to suppress statements made by him to agents prior to his arrest.  No required declaration has been filed to support the argument.  Defendant also requests an evidentiary hearing to establish the facts and to aid the Court in deciding his suppression motion; however, he does not support his request with the required declaration.  Accordingly, the United States believes that the requirements for such a suppression hearing have not been met.  If the Court chooses to hold an evidentiary hearing on Defendant's motion at a future date, the United States would prove that Defendant's statements were voluntary and are, therefore, admissible.

Defendant argues that his statements made prior to his arrest were made while in custody.  The Ninth Circuit has not articulated a bright-line rule for determining when an investigatory stop constitutes an arrest.  Courts are instructed to considered the totality of the circumstances and whether reasonable people would conclude they were under arrest.  <u>See</u> <u>United States v. Alvarez</u>, 899 F.2d 833, 836 (9th Cir. 1990).  However, routine biographical questions have been found by the Supreme Court and the Ninth Circuit to be insufficient to trigger constitutional protections.  <u>See</u> <u>United States v. Brignoni-Ponce</u>, 422 U.S. 873, 878-89 (1975); <u>United States v. Gonzalez-Sandoval</u>, 894 F.2d 1043, 1046 (9th Cir. 1990); <u>United States v. Perez</u>, 776 F.2d 797, 799 (9th Cir. 1985); <u>see also</u> <u>United States v. Galindo-Gallegos</u>,

244 F.3d 728, 731 (9th Cir.), modified by 255 F.3d 1154 (9th Cir. 2001).

Here, agents came upon a group of seven people heading north about 100 meters from the United States/Mexico border fence, and five miles from the San Ysidro Port of Entry. The entire group were hiding in the brush. The Border Patrol Agents asked each person in the group as to their citizenship and whether they had legal documents allowing them to be present in the United States. Each person, including the defendant, stated that they were citizens of Mexico and did not possess the requisite documents. All of this was manifestly proper procedure. Indeed, it would be improper for the agents to begin placing people under arrest before such a baseline inquiry was made. Therefore, Defendant's responses should be wholly admissible. See Pennsylvania v. Muniz, 496 U.S. 582, 601-04 (1990) (even if incriminating, answers elicited prior to Miranda warnings during procedures "necessarily attendant to the police procedure [are] held by the court to be legitimate" and admissible). Following discovery of the narcotics, agents timely advised Defendant that he was under arrest. Defendant was also timely advised of his Miranda warnings after his arrest. He further read through the Miranda warnings in Spanish, initialed each warning, and signed at the bottom in agreement of waiving his Miranda rights. Thus, all statements prior to Defendant's arrest are admissible; and this Court should deny the motion to suppress any statements made in the field or after his arrest.

Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1. The local rule further provides that "the Court need not grant an evidentiary hearing where either party fails to properly support its motion for opposition."

No rights are infringed by the requirement of such a declaration. Requiring a declaration from a defendant in no way compromises defendant's constitutional rights, as declarations in support of a

12

motion to suppress cannot be used by the United States at trial over a defendant's objection. See Batiste,
868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress );
Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to suppress).
Moreover, Defendant has as much information as the Government in regards to the statements he made.
See Batiste, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require
police misconduct incurred by Defendant while in custody, Defendant certainly should be able to provide
the facts supporting the claim of misconduct. Finally, any objection that 18 U.S.C. § 3501 requires an
evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a
pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays
any intent by Congress to alter the longstanding rule vesting the form of proof on matters for the court
in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate
rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts
attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to
adduce specific and material facts. See Batiste, 868 F.2d at 1092. Moreover, the Ninth Circuit has held
that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress
evidence because the defendant did not properly submit a declaration pursuant to a local rule. See
United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616,
620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the
moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court
to conclude that contested issues of fact exist."); see also United States v. Walczak, 783 F. 2d 852, 857
(9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving
papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact
exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing
if the grounds for suppression consist solely of conclusory allegations of illegality. See
United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson
did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's

1   declaration and points and authorities submitted in support of motion to suppress indicated no contested

2   issues of fact).

3          As Defendant in this case has failed to provide declarations alleging specific and material facts,

4   the Court would be within its discretion to deny Defendant's motion. Indeed, such a denial may properly

5   be made based solely on the statement of facts attached to the complaint in this case, without any further

6   showing by the United States. Moreover, Defendant had an opportunity, in his moving papers, to proffer

7   any facts alleging violations of his rights. However, Defendant fails to generate a disputed factual issue

8   requiring an evidentiary hearing. <u>See</u> <u>Howell</u>, 231 F.3d at 623.

9                                          **IV**

10   **NO OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER**
   **MOTIONS**

11

12         The United States does not object to the granting of leave to allow Defendants to file further

13   motions, as long as the order applies equally to both parties and additional motions are based on newly

14   discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

15                                          **V**

16                      **MOTION FOR RECIPROCAL DISCOVERY**

17         The United States hereby moves for reciprocal discovery from the Defendant. To date Defendant

18   has not provided any.  The United States, pursuant to Rule 16 of the Federal Rules of Criminal

19   Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and

20   all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which

21   are within the possession, custody or control of Defendant and which Defendant intends to introduce as

22   evidence in their case-in-chief at trial.

23         The United States further requests that it be permitted to inspect and copy or photograph any

24   results or reports of physical or mental examinations and of scientific tests or experiments made in

25   connection with this case, which are in the possession or control of Defendant, which Defendant intend

26   to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants

27   intend to call as a witness. Because the United States will comply with Defendant's request for delivery

28   of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of

the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**V**

**CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery and to Suppress Defendant's Statements, and requests that its Motion for Reciprocal Discovery be granted.

DATED: May 21, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


*s/Stewart M. Young*
STEWART M. YOUNG
Assistant U.S. Attorney
Email: stewart.young@usdoj.gov

08-CR-1186 BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-1186 BEN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| JAIME LIZARRAGA-LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Stewart M. Young, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motions for Discovery and to Suppress Statements and its Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Candis Mitchell, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2008.

s/ *Stewart M. Young*
Stewart M. Young